UNITED STATES v. LEE PON et al.

(District Court, D. Vermont. June 8, 1899.)

ALIENS—DEPORTATION OF CHINESE—EVIDENCE OF CITIZENSHIP.

In proceedings for the deportation of Chinese persons whose right to remain in this country rests solely on a claim that they were born in the United States, the testimony of their alleged father, shown by other Chinese witnesses to be inconsistent with previous statements made by him, which statements he denies having made, is not alone sufficient to establish such claim to citizenship.[1]

These were appeals by the defendants from orders of a commissioner ordering their deportation.

Rufus E. Brown, for appellants.

James L. Martin, U. S. Atty.

WHEELER, District Judge. The appellants are said to be brothers, of the Chinese race, and their appeals from orders of deportation have been heard together. Lee Chick testifies that they are his only sons, born in Sacramento, Cal. If this is true, they have as much right to be here as any person can have; if not true, they have none. He is corroborated by one witness, who may, however, be mistaken. The case depends mainly upon the testimony of Lee Chick. Several witnesses of his race have testified circumstantially to his calling a young man of Germantown, Pa., at several times, his only son. He denies the conversations, and says that young man is a deceased brother's son, with whose history and whereabouts he seems well acquainted to within a short time. This person would be likely

[1] As to citizenship of Chinese, see note to Gee Fook Sing v. U. S., 1 C. C. A. 212.

to have material knowledge. Government agents testify that they cannot find him. and he is not produced. The absolute denial of these conversations precludes any allowance for misunderstandings. They justly impeach Lee Chick, according to the credit of several witnesses to them. Other testimony more remote has been given, bearing more or less in various ways upon the claims made. Care has been taken, on account of the importance of the cases to the appellants as well as to the government, to give full opportunity for producing evidence, and adequate consideration of what has been produced. Upon the whole the appellants may have been born in the United States, but that they were is not satisfactorily proved; therefore, being of this alien race, by the laws of this country and treaties with theirs they do not appear to be lawfully entitled to remain in the United States. The decisions of the commissioner must, according to this view of the case, be affirmed. Deportation ordered. Orders stayed 10 days.

Motion for Rehearing.

June 28, 1899.

The additional evidence sought to be introduced, as it is made to appear, would not sufficiently meet the weakening of the testimony of Lee Chick by the government witnesses, and corroborate his testimony as to the birth of the appellants in the United States, to change the result. That they are his sons would more clearly appear, but that they were born in the United States would not. The motion must therefore be denied.

Motion denied.